**Mark M. Medvesky, Esquire**
Attorney I.D. #68350
Wells, Hoffman, Holloway & Medvesky, LLP
601 E. Broad St, Ste 110
Souderton, PA 18964
(610) 323-7464

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Winnie W. Harrington aka Winnie Harrington Groff | : | Case No. 20-13908 AMC |
| Debtor | : | |
| | : | |
| U.S. Bank National Association, as indenture trustee, for the holders of the CIM Trust 2018-R1, Mortgage-Backed Notes, Series 2018-R1 | : | Chapter 7 |
| Movant | : | |
| v. | : | |
| Winnie W. Harrington aka Winnie Harrington Groff | : | 11 U.S.C. §362 |
| Debtor | : | |
| | : | Date: January 20, 2021 |
| Christine C. Shubert Esq.    Trustee | : | Hearing: 12:30 PM |
| | : | Courtroom 4 |
| | : | United States Bankruptcy Court |
| | : | 900 Market Street, Philadelphia PA |

**DEBTORS' RESPONSE TO MOTION OF U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, FOR THE HOLDERS OF THE CIM TRUST 2018-R1, MORTGAGE-BACKED NOTES, SERIES 2018-R1FOR RELIEF FROM AUTOMATIC STAY UNDER §362 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001**

    Winnie W. Harrington, Debtor and Respondent, by and through his attorney, Mark M. Medvesky, Esquire, hereby file this response to the Motion for Relief from the Automatic Stay filed by Freedom Mortgage Corporation and respectfully aver as follows:

1. This averment is denied and proof of same is demanded at the time of the hearing.

2. The court record speaks for itself and no response is needed.

3. This averment is denied and proof of same is demanded at the time of the hearing. By way of further answer, Debtor is not an owner of the referenced property, the property is not identified as an asset of the debtor and was not listed in Schedule A. Movant Motion states the mortgage was executed by Robert S. Groff and Diane Groff, which is another party not the debtor.

4. The court record speaks for itself and no response is needed.

5. This averment is denied and proof of same is demanded at the time of the hearing. By way of further answer, the Debtor is not a party to the agreement referenced and has no obligation to pay monthly mortgage payments on any debt related to any mortgage. The property is not an asset owned by the debtor and therefore it was not listed in schedule A. Exhibit A

6. The court record speaks for itself and no response is needed.

7. This averment is denied and proof of same is demanded at the time of the hearing. By way of further answer, the Debtor is not a party to the agreement referenced and has no obligation to pay monthly mortgage payments on any debt related to any mortgage. Furthermore, Debtor is not obligated on this debt therefore it was not listed in schedules D or E/F.

8. This averment is denied and proof of same is demanded at the time of the hearing.

9. This averment is denied and proof of same is demanded at the time of the hearing.

10. This averment is denied and proof of same is demanded at the time of the hearing. The debt and asset listed in this motion are not part of this proceeding or part of the bankruptcy estate therefore fees and costs should not be awarded.

**WHEREFORE**, Debtor, by and through their attorney, Mark M. Medvesky, Esquire, respectfully state there are no grounds for relief and requests that this Court enter an Order dismissing this motion and denying all request relief.

Respectfully Submitted,

BY: /s/*Mark M. Medvesky*
Mark M. Medvesky, Esquire
Attorney for Debtor